## BURDICK v. MOULTON ET AL.

MECHANICS' LIEN: KNOWLEDGE OF IMPROVEMENT: AGENT.

*Appeal from Jones District Court.*

FRIDAY, JUNE 11.

ACTION to establish a mechanic's lien on real estate owned by Lucy M. Clark at the time the improvement was made, but who has deceased. A decree establishing the lien was entered by the District Court, and the defendants appeal.

*J. S. Stacy*, for appellants.

*Herrick & Doxsee*, for appellee.

SEEVERS, J.—The material question is whether Lucy M. Clark, personally, or through her agent, Ezra W. Clark, contracted with the plaintiff for the lumber with which the improvement was made.

If the contract was made with Ezra, and he alone was to be paymaster, and Lucy M. Clark was merely passive, or simply failed to approve of or object to the purchase or improvement, it would probably be conceded the lien could not be established.

But the evidence satisfactorily establishes that said Lucy knew of and affirmatively consented to the improvement and expected to pay therefor. She knew the lumber had been purchased by Ezra on credit. The improvement was made for her benefit as well as that of said Ezra. She, to a considerable extent, superintended the construction of the buildings. It may be true she expected that Ezra would, in the first instance, pay for the lumber, and that she would pay him. But we are impressed from the evidence of Elijah Austin, and William Clark, her husband, when examined as a witness for the plaintiff, that she regarded herself as responsible to the plaintiff if Ezra failed to pay. When examined as a witness for the defendant, William Clark gave evidence tending to contradict that previously given. But we feel warranted in giving more credence to his first deposition than the last, because it is the more reasonable, and is in accord with the other evidence, except that of Ezra Clark.

The preponderance of the evidence, we think, is with the plaintiff. To set it out at length would do no good, and is not our custom.

The real estate, or a portion of it, was conveyed by said Ezra, as one of the heirs-at-law of Lucy M. Clark, to the defendant Rider. But at the time the conveyance was made the notice required by law of the claimed lien was on file in the proper office. Rider, therefore, had constructive notice of its existence.

The District Court found the plaintiff was entitled to recover $275.01 with

interest thereon from August 19, 1870. Only $261.61 was claimed in the petition. Had the attention of the court been called to the mistake it would undoubtedly have been corrected. It may be done now and here if either party so desires, or in the court below, but wherever done it must be without costs. Code, § 3168. The plaintiff will recover costs in this court.

MODIFIED AND AFFIRMED.